The warranty was as follows — "and the said Albert G. Lewis, for himself, his heirs, c., does covenant, c., to and with said B. Watson, his heirs and assigns, that he, the said Albert G. Lewis, and his heirs, the said land, c., unto him, the said B. Watson, his heirs and assigns, from and against himself, the said Albert G. Lewis, and his heirs, and against all and every person or persons *Page 163 
whatsoever, lawfully claiming, c., or any estate right, c., therein, shall and will warrant and forever defend, c." Albert G. Lewis had but a life estate in the premises, under the will of his father, and the devisees in remainder brought an action of waste against these assignees, and had judgment for $95, and the place wasted.
The defence here was, that as the deed of Lewis referred to the will of his father, which showed that this was but a life estate in Albert G. Lewis, this covenant was merely one for quiet enjoyment, and not a covenant of title in fee simple; and a recovery in an action of waste was no breach of this covenant, without an actual entry and dispossession of the grantee.
Whitely. — It is a general warranty of title in fee. The reference to the will does not, in any manner, qualify the general warranty; the words "heirs and assigns," control all references; and, the warranty is of title to the grantee and his heirs, against the grantor and his heirs, and all other persons whatever lawfully claiming title.
Yet in 1846 the same Albert G. Lewis, as the next friend of his children, the devisees of their grandfather, under this same will, brought an action of waste against the alienees of his partner, and recovered the property conveyed to him, and damages for the waste. This recovery is a sufficient breach of the warranty. The judgment in that action awards the possession to the children.
Rogers. — If this were so, the declaration need not have averred any thing more than the judgment in waste; yet the declaration does aver a subsequent actual dispossession. The deed contains no covenant of title; it amounts only to a covenant of quiet enjoyment, which is not disturbed by the judgment in waste without dispossession.
The Court. — The declaration is upon a covenant that Albert G. Lewis was seized of an estate in fee simple, and had full power to convey, and that he did convey with a general warranty; the deed contains a covenant of general warranty, but no covenant of seizin; the evidence, therefore, supports the latter covenant, and the former may be regarded as surplusage, or, would be amendable under the act of last session; but a question still remains whether a breach of this covenant is fully proved without evidence of an eviction from the lands warranted. The books are otherwise, and the evidence here stops with proof of a verdict and judgment in an action *Page 164 
of waste, without any proof of eviction under such judgment.
 The plaintiff then suffered a nonsuit.